# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ABEBA ZERIHUN,

    Plaintiff,

vs.

CITY OF COLUMBUS,

    Defendant.

Case No. 2:21-cv-3760

Judge Edmund A. Sargus, Jr.

Magistrate Judge Elizabeth P. Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident who is proceeding without the assistance of counsel, moves this court for leave to proceed *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety.

### I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1]Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff names as Defendant the "City of Columbus" or the "City of Columbus Department of Police."[1] (ECF No. 1-1, at 1, 2.) Plaintiff's Complaint restated here verbatim

---

[1] "In Ohio, city police departments are simply part and parcel of the city itself." *Hutchison v. Newark Police Dep't*, No. 2:15-CV-3057, 2016 WL 5871509, at *3 (S.D. Ohio Oct. 7, 2016), *report and recommendation adopted sub nom. Randall Tyler Hutchison v. Newark Police Dep't*,

alleges, in its entirety, as follows:

> On April 27 2020 I seen the police twice in a store parking lot N 20 st and the second time on N18th St and Mt. Veron Ave. On May 11 2020 I called 911 in a store CPD took more then 30 min to get there  No Light or Sirens, I satt next to him and I look up at him he had No UNIFROM.  I told him I don't want your help EMS will help you dont have a unifrom you came to kill

(*Id*. at 3.)

The Undersigned concludes that Plaintiff has failed to satisfy the basic pleading requirements set forth in Rule 8(a). *Twombly*, 550 U.S. at 555.  Given the succinct and somewhat disconnected allegations, the Complaint provides insufficient factual content or context from which the Court reasonably could infer that Plaintiff suffered a violation of his rights.  As noted, "*[p]ro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf." *Swartz v. Roman Cath. Archdiocese of Toledo*, No. 3:20-CV-2021, 2021 WL 424295, at *2 (N.D. Ohio Feb. 8, 2021) (citing *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).  Stated another way, the liberal construction afforded *pro se* pleadings does not require a court "'to guess at the nature'" of Plaintiff's claims. *Goff v. Chambers-Smith*, No. 1:21-CV-315, 2021 WL 2279808, at *5 (N.D. Ohio June 4, 2021) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  Accordingly, the Complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

---

No. 2:15-CV-3057, 2016 WL 6634925 (S.D. Ohio Nov. 8, 2016).  With respect to cases filed against the City of Columbus Police Department, this Court has stated that "'[t]he Division of Police is an administrative vehicle by which the city operates and performs its functions.'"  *Id.* (quoting *Johari v. City of Columbus Police Department*, 186 F.Supp.2d 821, 825 (S.D. Ohio 2002)).  Further, "it has noted that '[t]he Sixth Circuit explained that a police department 'is not a juridical entity subject to suit under Ohio law.'"  *Id.* (quoting *Tysinger v. Police Dep't*, 463 F.3d 569, 572 (6th Cir. 2006)).

## III.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir.1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed,

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

|  |  |
|---|---|
| **DATED: June 28, 2021** | */s/ Elizabeth A. Preston Deavers*<br>**ELIZABETH A. PRESTON DEAVERS**<br>**UNITED STATES MAGISTRATE JUDGE** |